UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                              CASE NO. 2:07-MC-50243
                              JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

WALTER JOHN BATES,

      Defendant.
      _____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MARCH 6, 2012 REQUEST FOR HEARING ON GARNISHMENT AND CLAIM FOR EXEMPTIONS
### (Doc. Ent. 6)

**I.**     **RECOMMENDATION:** The Court should construe defendant's March 6, 2012 request for a hearing on garnishment as constituting, in part, a second or successive motion to vacate a judgment. As so construed, it should be denied, because its filing has not been permitted by the Sixth Circuit as required by 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

      The Court should also conclude that the defendant has not shown he is entitled to a modification of the payment terms of his court-ordered restitution. *See* 18 U.S.C. § 3664(k). Finally, the Court should deny defendant's claim for exemptions. *See* 18 U.S.C. § 3613.

      If the Court agrees with these recommendation, the writ of continuing garnishment issued on February 23, 2012 (Doc. Ent. 8) should remain in effect and the government may garnish twenty-five percent (25%) of Walter John Bates's monthly pension from the City of Detroit and shall apply such amount to his restitution obligation.[1] Of course, nothing would prevent the

---

[1]*See*, *i.e.*, *U.S. v. DeCay,* 620 F.3d 534, 545 -546 (5th Cir. 2010) ("the United States may garnish the defendants' retirement benefits to satisfy a criminal restitution order, but the CCPA

parties from negotiating further with regard to the amount to be garnished from defendant's City of Detroit pension.

**II.   REPORT:**

**A.   Background**

There were several indictments in the criminal case (Case No. 2:02-cr-80948-AJT) which gives rise to the matters at bar. By way of background, on November 7, 2002, Albert Bates was indicted on four (4) counts of bank robbery. Doc. Ent. 6. The August 14, 2003 first superceding indictment set forth fourteen (14) counts as to defendants Albert Steven Bates and/or Kevin Foster-Bey. Doc. Ent. 42. On November 26, 2003, a second superceding indictment was filed, setting forth fifteen (15) counts as to defendants Albert Steven Bates, Kevin Foster-Bey and/or Walter John Bates. Doc. Ent. 55. Then, on September 13, 2005, a third superceding indictment was filed which set forth eight (8) counts as to defendants Albert Steven Bates, Walter John Bates and/or Dante Derell Townsend. Doc. Ent. 176.

Walter John Bates's jury trial began on March 9, 2006. Doc. Ent. 274 (Transcript). The Court heard closing arguments on March 20, 2006. Doc. Ent. 271 (Transcript). On March 22, 2006, a jury found Walter John Bates guilty of Count I (Conspiracy to Commit Bank Robbery) and guilty of Count VIII (Aiding and Abetting Bank Robbery on October 4, 2002). Doc. Ent. 211 (Jury Verdict Form); *see also* Doc. Ent. 267 (Transcript).[2]

---

limits the United States' authority to garnish Barre's pension benefits to twenty-five percent of his monthly payment."); *United States v. Miller*, 588 F.Supp.2d 789, 791 (W.D. Mich. 2008) (Lawson, J.) ("the Court will overrule the objections and order the clerk to issue the writ of garnishment allowing 25% of the defendant's pension benefits to be applied to his restitution obligation.").

[2]On April 6, 2006, judgment was imposed as to defendant Townsend. Doc. Ent. 217. On October 26, 2006, judgment was imposed as to Albert Steven Bates. Doc. Ent. 240. On February 16, 2012, Judge Tarnow entered an order extending Albert Bates's supervised release an additional 12 months. Doc. Ent. 322.

On November 3, 2006, judgment was imposed as to Walter John Bates, whereby the Court noted that he was found guilty as to Counts I (Conspiracy to Commit Bank Robbery) and VIII (Bank Robbery and Aiding and Abetting) of the second superceding indictment; imposed a prison term of "70 month[s] on each count to run concurrently[;]" and imposed criminal monetary penalties in the form of a $200 assessment and $26,666.54 in restitution.[3]  Doc. Ent. 245.[4]

Walter John Bates appealed the November 3, 2006 judgment (Doc. Ent. 245) entered against him.  *See* Doc. Ent. 247.  On January 12, 2009, the Sixth Circuit affirmed the judgment as to the conviction and sentence of Walter John Bates.  Case No. 06-2460 (6th Cir.); *see also* Doc. Ent. 297 (Appeal Judgment), Doc. Ent. 298 (Mandate).

On May 15, 2009, Walter John Bates filed what was construed as a motion to vacate sentence under 28 U.S.C. § 2255.  Doc. Ent. 305.  On August 20, 2009, Judge Tarnow entered an order denying Walter John Bates's motion, stating in part, "the Sixth Circuit also already decided that this court had implicitly found that Walter [John] Bates had conspired to commit several robberies.  This resolution defeats movant's argument concerning the difference between the second and third indictments, because only one overt act is necessary for a guilty verdict on conspiracy."  Doc. Ent. 317.

Thereafter, by a letter dated September 1, 2009 and filed on September 28, 2009, Walter John Bates requested that the Court reconsider its August 20, 2009 decision.  Doc. Ent. 319.  On

---

[3]The $26,666.54 in restitution ordered was joint and several with Kevin Foster-Bey and Albert Bates and was comprised of losses to six (6) banks: Bank One, TCF Bank, Charter One Bank, Huntington Bank, Comerica Bank and Standard Federal (now Lasalle Bank).

[4]Judgment was imposed as to Foster-Bey on February 6, 2007.  Doc. Ent. 278. Judgments on violation of supervised release as to Kevin Foster-Bey were entered on November 7, 2007 (Doc. Ent. 288) and May 15, 2009 (Doc. Ent. 304).

October 5, 2009, the United States Supreme Court entered an order denying the petition for writ of certiorari. Doc. Ent. 320. Then, on April 1, 2010, Walter John Bates sought permission from this Court to file a second motion under 28 U.S.C. § 2255. Doc. Ent. 321.[5]

**B.     The Instant Case**

On March 20, 2007, the United States of America filed an application for writ of continuing garnishment, and, that same day, the Clerk of Court issued a writ of continuing garnishment as to Walter John Bates and garnishee City of Detroit Retirement System. Doc. Ent. 1. The garnishee filed an answer on April 24, 2007, in which it anticipated owing Walter John Bates a monthly amount ($2101 - $2,347), estimated to begin on July 15, 2010. Doc. Ent. 3.

On February 22, 2012, the government filed an application for writ of continuing garnishment. Doc. Ent. 4. A Writ of Continuing Garnishment and a Clerk's Notice of Garnishment were issued on February 23, 2012. Doc. Ent. 8.

**C.     Defendant's Request for Hearing**

Currently before the Court is Bates's March 6, 2012 request for hearing about the garnishment and claim for exemptions. Doc. Ent. 6. The government filed its response on March 27, 2012. Doc. Ent. 10.[6]

Judge Tarnow referred Bates's objection to garnishment to me. Doc. Ent. 7. A hearing on this matter was noticed for April 10, 2012. Doc. Ent. 9. On the date set for hearing, Assistant

---

[5]Although Walter John Bates's April 1, 2010 motion (Doc. Ent. 321) is not pending, it does not appear that the Court entered an order with regard to it or an order with regard to the letter filed on September 28, 2009 (Doc. Ent. 319).

[6]The government claims that, "[a]s of the date of this response, Defendant has paid $200.40 toward [the debt imposed by the Court's November 3, 2006 judgment]. These funds were paid through the Inmate Financial Responsibility Program and have paid the special assessment. No payments have been made toward the restitution obligation." Doc. Ent. 10 at 2.

4

United States Attorney Jacqueline M. Hotz and defendant Walter John Bates appeared.

**D.     Analysis**

**1.**     Walter John Bates's March 6, 2012 filing claims that the government "is attempting to hold [him] responsible for the entire $26,866.54 that was taken." Citing the transcript of Assistant United States Attorney Peter E. Deegan's March 20, 2006 closing argument (Doc. Ent. 271-3 at 4),[7] Walter John Bates contends that "AUSA Deegan stated to the jury that Walter [John] Bates was only charged with the Oct[ober] 4th robbery and conspiracy to rob (A) bank[.] The amount taken was $2,400 dollars." Doc. Ent. 6 at 1.

Also, Walter John Bates contends that he is entitled to an exemption under 18 U.S.C. § 3613 ("Civil Remedies for satisfaction of an unpaid fine"). Specifically, Walter John Bates contends his pension from the City of Detroit is exempt from garnishment as an annuity or pension payment. Doc. Ent. 6 at 2-3.

Finally, Walter John Bates's March 6, 2012 request includes a March 5, 2012 letter to Judge Tarnow which mentions, among other things, his December 4, 2009 letter to the Court, regarding which he allegedly did not receive a response; §1B1.2 ("Applicable Guidelines") of the Guidelines Manual;[8] Judge Tarnow's comments at the November 3, 2006 sentencing hearing,

---

[7]At the conclusion of the government's initial closing argument, AUSA Deegan stated: "And remember once again – because I expect you are going to hear an awful lot about 7/30 and 9/6. Remember Walter Bates is not charged with robbing those banks. Sure, it's part of Kevin Foster-Bey's story of the whole event, but don't get – be careful how much you let that impact your decision on what Walter Bates is charged with. He's charged with October 4th, the Ludlow Street robbery where he got picked out of a photo lineup, and you've go the other corroborating evidence and you've got to phone call on 10/9. And he's charged with conspiracy to rob a bank." Doc Ent. 271-3 at 4.

[8]The Commentary to Section 1B1.2 provides in part that "[p]articular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy. In such cases, subsection (d) should only be

5

Doc. Ent. 269 (Transcript);[9] and Assistant United States Attorney Daniel R. Hurley's March 20, 2006 rebuttal closing argument (Doc. Ent. 271).[10] Doc. Ent. 6 at 4-5. Walter John Bates contends, "I have already served a great deal of time incarcerated for a crime that I did not commit[.] I am asking that you review my case and hold me responsible for the charge that I was found guilty of[,] which was the October 4th robbery only. The amount taken in that robbery was [$] 1,400[.]" Doc. Ent. 6 at 5.

**2.** Having reviewed Walter John Bates's March 6, 2012 request and claim (Doc. Ent. 6) and the government's March 27, 2012 response (Doc. Ent. 10), and having the benefit of the April 10, 2012 oral argument of Walter John Bates and counsel for the government, the Court should overrule Walter John Bates's March 6, 2012 objection to the garnishment of his pension from the City of Detroit.

First, as argued by the government, this Court "is without jurisdiction to relieve Defendant [Walter John Bates] of his obligation to pay restitution." Doc. Ent. 10 at 2-4. It is clear that Walter John Bates's March 6, 2012 filing contests the Court's November 3, 2006 judgment (Doc.

---

applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense. Note, however, if the object offenses specified in the conspiracy count would be grouped together under §3D1.2(d) (e.g., a conspiracy to steal three government checks) it is not necessary to engage in the foregoing analysis, because §1B1.3(a)(2) governs consideration of the defendant's conduct." §1B1.2, Commentary ¶ 4.

[9]"And I'm again assuming that you're guilty because of the jury, but I'm listening to you." Doc. Ent. 269-2 at 20.

[10]"But you cannot escape the conclusion there was an enormous hole in Walter Bates' budget in 2002, because he lost his overtime, he emptied his retirement account of $16,000, and he borrowed $25,000 from his in-laws." Doc. Ent. 271-4 at 31. Also, "Walter Bates is not charged with anything in the indictment relating to July 30th or September 6th." Doc. Ent. 271-4 at 33.

245).  For example, he makes statements such as, "[t]he government is attempting to hold me responsible for the entire $26,866.54 that was taken[,]" and "[t]hey . . . are attempting to collect a debt that I could not owe!"  Doc. Ent. 6 at 1, 5.  Walter John Bates also contends "there were not overt acts relating to several robberies, . . . not even something as minute as a phone all to the suspects/perpetrators."  Doc. Ent. 6 at 4.  However, Judge Tarnow's November 3, 2006 judgment (Doc. Ent. 245), whereby Walter John Bates became jointly and severally liable for restitution in the amount of $26,666.54, is final.  As noted above, following an appeal (Doc. Ent. 247), the judgment was affirmed by the Sixth Circuit (Doc. Ent. 297).  Thereafter, Judge Tarnow entered an order (Doc. Ent. 317) denying Walter John Bates's 28 U.S.C. § 2255 motion (Doc. Ent. 305).[11]

Therefore, to the extent Walter John Bates's March 6, 2012 filing (Doc. Ent. 6) is construed as a second or successive motion to vacate a judgment, it should be denied as not having been permitted by the Sixth Circuit.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

**3.** Nor has Walter John Bates shown that he is entitled to a modification of payments terms as set forth in 18 U.S.C. § 3664 ("Procedure for issuance and enforcement of order of restitution"), Subsection (k).  Specifically, he has not shown "any material change in [his] economic circumstances that might affect [his] ability to pay restitution."  18 U.S.C. § 3664(k).

**4.** Finally, the Court should agree that "[t]here is no basis to quash the garnishment."  Doc. Ent. 10 at 4-5.  As the government points out, "Defendant's pension and/or retirement account is based upon his years of employment with the Detroit Police Department."  Doc. Ent. 10 at 5.  The "Claim for Exemption Form" attached to Walter John Bates's requests explains that the annuities and pension payments which may be exempt from garnishment are "[a]nnuity or pension

---

[11]*See also* Fed. R. App. P. 4(b) ("Appeal in a Criminal Case."), Subsection (1) ("Time for Filing a Notice of Appeal.") and Fed. R. Crim. P. 35 ("Correcting or Reducing a Sentence").

payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (28 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of the United States Code." Doc. Ent. 6 at 2 ¶ 6. Walter John Bates has not shown that his pension from the City of Detroit is exempt from garnishment under 18 U.S.C. § 3613.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: April 17, 2012

            s/Paul J. Komives
            PAUL J. KOMIVES
            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 17, 2012 electronically and/or U.S. mail.

            Michael Williams
            Relief Case Manager to the Honorable
            Paul J. Komives