UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WALTER BATES,

    Defendant.
_____/

Case No.  07-50243

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

### ORDER ADOPTING REPORT AND RECOMMENDATION [11] AND DENYING DEFENDANT'S OBJECTION TO GARNISHMENT [6]

Before the Court is Defendant's Objection to Garnishment [6], filed on March 6, 2012.  On April 17, 2012, Magistrate Judge Komives issued a Report and Recommendation ("R&R") [11] recommending that Defendant's Objection be DENIED.  Defendant filed an Objection [12] to the R&R on April 26, 2012.  Plaintiff filed a Response [13] on May 4, 2012.

For the reasons stated below, the Report and Recommendation is ADOPTED.  Plaintiff's Objection to Garnishment is DENIED.

**Factual Background**

The R&R provides a detailed description of the facts in this case.  The court adopts the facts as set out in the R&R.  The facts discussed below are those pertinent to Defendant's objection.

On November 3, 2006, Defendant Walter John Bates was found guilty of two counts: Conspiracy to Commit Bank Robbery and Aiding and Abetting a Bank Robbery.  The court imposed a prison term of 70 months for each count, to run concurrently, criminal monetary penalties in the

form of a $200 assessment, and $26,666.54 in restitution. Although Defendant was only charged with aiding and abetting the robbery on October 4, 2002, the restitution order included the losses from all fourteen (14) robberies because the court found that the other robberies were within the scope of the conspiracy. Thus, Defendant was jointly and severally liable for the entire restitution obligation with Kevin Foster-Bey and Albert Bates, the other Defendants in the original case. On January 12, 2009, the United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence of Defendant. On August 20, 2009, this Court denied Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, stating that:

> The Sixth Circuit also already decided that this Court had implicitly found that Walter Bates had conspired to commit several robberies. This resolution defeats movant's argument concerning the difference between the second and third indictments, because only one overt act is necessary for a guilty verdict on conspiracy.

On March 20, 2007, Plaintiff filed an application for a writ of continuing garnishment. However, Defendant's restitution was stayed pending Defendant's appeal. On February 22, 2012, Plaintiff filed another application for a writ of continuing garnishment, which was issued on February 23, 2012. Defendant objected to the garnishment and requested a hearing on March 6, 2012. The hearing took place before Magistrate Judge Paul Komives on April 10, 2012.

**Standard of Review**

Objections to a Magistrate Judge's R&R are reviewed *de novo*. 28 U.S.C. §636(b)(1); *Flournoy v. Marshall*, 842 F.2d 875, 875-76 (6th Cir. 1998) (holding that the standard of review for magistrate judges' report and recommendations is *de novo* review, not clearly erroneous). Making some objections to a Magistrate Judge's R&R, but failing to raise others, will not preserve all objections a party may have to the R&R. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837

(6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

**Analysis**

Defendant advances one objection to the R&R. Defendant argues that it was error for the court to order him to pay $26,666.54 in restitution, the total losses from all the robberies encompassed by the conspiracy. Instead, Defendant argues that he should only have to pay restitution for the robbery on October 4, 2002, the only robbery for which he was charged with aiding and abetting.[1]

Before turning to Defendant's Objection, it should be noted that Defendant's Objection could be construed as a second motion to correct or vacate his original judgment.[2] However, pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255(h), before a second motion to modify a criminal sentence can be filed in a district court, the appropriate court of appeals must certify that the motion contains either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense" or " a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). That is not the case here. Further, Defendant's deadline for filing a direct appeal

---

[1] Defendant is mistaken as to his original sentencing. Defendant states in his Objection that he was only charged with conspiring and aiding and abetting the October 4, 2002, robbery. While Defendant is correct that he was only charged with aiding and abetting one robbery, his conspiracy charge encompassed all fourteen (14) robberies.

[2] On March 15, 2009, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This Court denied the motion on August 20, 2009.

or for filing a motion to correct his sentence was on November 17, 2006. *See* Fed. R. App. P. 4(b)(1)(A); Fed. R. Civ. P. 35(a). Thus, as construed as a second motion to vacate or to correct his sentence, Defendant's Objection must be denied.

Even if the timing were proper for a motion to vacate or correct sentence, Defendant's Objection must be denied because Defendant's sentence was proper. Although Defendant only physically participated in the robbery on October 4, 2002, under his conspiracy charge Defendant can be held liable for the acts of his co-conspirators that were in the scope of Defendant's agreement and foreseeable to the Defendant. *See* United States Sentencing Guidelines Manual § 1B1.3(a)(1)(B); *Pinkerton v. United States*, 328 U.S. 640, 646 (1946) (holding that Defendant Daniel Pinkerton could be liable for the substantive offenses of his co-defendant when the offenses were in the scope of their conspiracy, although he did not directly participate in those offenses). In this case, the evidence with respect to the scope of Defendant's agreement and the foreseeability of his co-conspirators actions[3] was sufficiently "particularized" to hold Defendant accountable for all the robberies. *United States v. Campbell*, 279 F.3d 392, 400 (6th Cir. 2002). Further, each defendant in a conspiracy can either be ordered to pay restitution in the amount of the losses of the entire conspiracy scheme, or restitution can be apportioned to reflect the contributions of each individual defendant. 18 U.S.C. § 3664(h); 18 U.S.C. § 3663(a)(2). *See United States v. Davis*, 170 F.3d 617, 627 (6th Cir. 1999). Thus, as construed as a motion to vacate or correct his sentence, Defendant's Objection would have been denied even if the timing of Defendant's Objection was proper as his sentence was appropriate.

---

[3]Including Foster-Bey's testimony that Defendant was involved in all of the robberies, the timing of certain telephone calls between Defendant and Foster-Bey, and the conversation between Defendant and Foster-Bey after Foster-Bey had been arrested.

Although Defendant's Objection seems to request a correction or elimination of his original sentence, which would be inconsistent with an Objection to the Writ of Garnishment, 28 U.S.C. § 3202(d), *pro se* allegations are held to less stringent standards than formal complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Defendant's Objection could be construed as a motion to modify the payment terms of his restitution "because of a material change in the Defendant's economic circumstances" pursuant to 18 U.S.C. § 3664(k). Some courts have interpreted 18 U.S.C. § 3664(k) to only allow for an adjustment of the payment schedule. *See United States v. Banks*, 430 F. App'x 179, 181 (3d Cir. 2011); *United States v. Best*, No. 04-CR-80879, 2008 WL 553241, at *2 (E.D.Mich. Feb. 28, 2008). Others have interpreted 18 U.S.C. § 3664(k) to allow for a reduction of restitution. *See United States v. Bernard*, 351 F.3d 360, 361 n.2 (8th Cir. 2003); *United States v. Turner*, 312 F.3d 1137, 1143 (9th Cir. 2002). Regardless, Defendant has not alleged a material change in his economic circumstances and as Defendant is still in prison it is not likely that such a change has occurred.

Finally, Defendant's Objection could be construed as a claim for exemption from garnishment pursuant to 18 U.S.C. § 3613(a)(1). Defendant attached a "Claim for Exemption Form" to his original Objection, claiming that his pension from the Detroit Police Department should be exempt from garnishment as:

> Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

18 U.S.C. § 6334(a)(6).

Defendant's pension from the Detroit Police Department does not seem to be exempt from garnishment under this statute and Defendant has failed to demonstrate how the statute would apply to his pension.

## Conclusion

The Court having reviewed the record in this case, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Objection is **DENIED**.  Accordingly,

**IT IS ORDERED** that Defendant's Objection to Garnishment [6] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 27, 2012

___

### CERTIFICATE OF SERVICE

I hereby certify on June 27, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 27, 2012: **Walter Bates.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182